IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN SEIFERT,

        Plaintiff,                    No. CIV S-08-998 GEB KJM PS

    vs.

RICHARD WERNER,

        Defendant.              <u>ORDER</u>

_____/

        This matter was referred to the undersigned by order filed August 5, 2008 and after recusal of the previously assigned magistrate judge.  Defendant's motion to set aside default and motion to dismiss are pending before the court.  Under Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the documents in support and opposition, and good cause appearing therefor, IT IS HEREBY ORDERED that:

        1. The motion to set aside default is granted nunc pro tunc to July 9, 2008.  The Clerk of Court is directed to vacate the entry of default filed July 9, 2008.

        2. Plaintiff shall complete service of summons in compliance with Federal Rule of Civil Procedure 4 within thirty days from the date of this order.

/////

1

1        3. Diversity jurisdiction properly lies in this action. Plaintiff's complaint
2 adequately pleads around the bar of the statute of limitations. The motion to dismiss is therefore
3 denied.
4        4. No further paper pleadings will be accepted by the court.
5        5. Until further order of the court, defendant is granted leave to appear
6 telephonically at the hearings in this matter. Defendant shall contact the courtroom deputy, Matt
7 Caspar, no later than five days prior to the hearing to arrange for any telephonic appearances.
8        6. This matter is set for status conference before the undersigned on December
9 10, 2008 at 10:00 a.m. in courtroom no. 26. No later than seven days before the status
10 conference, the parties shall file a status report addressing the following matters:
11        a. Service of process;
12        b. Possible joinder of additional parties;
13        c. Any expected or desired amendment of the pleadings;
14        d. Jurisdiction and venue;
15        e. Anticipated motions and the scheduling thereof;
16        f. The proposed discovery plan developed pursuant to Federal Rule of Civil
17 Procedure 26(f);
18        g. The potential for settlement and specific recommendations regarding
19 settlement procedures and timing, including whether a settlement conference should be
20 scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution
21 Program (see Local Rule 16-271) is appropriate in this case;
22        h. Future proceedings, including setting appropriate cutoff dates for discovery
23 and law and motion and the scheduling of a pretrial conference and trial;
24        i. Modification of standard pretrial procedures specified by the rules due to the
25 relative simplicity or complexity of the action or proceedings;
26

1       j. Whether the case is related to any other case, including matters in
2 bankruptcy;
3       k. Whether the counsel will stipulate to the magistrate judge assigned to this
4 matter acting as settlement judge and waiving any disqualifications by virtue of her so acting, or
5 whether they prefer to have a Settlement Conference before another judge; and
6       l. Any other matters that may add to the just and expeditious disposition of this
7 matter.
8 DATED: October 3, 2008.

                                                  U.S. MAGISTRATE JUDGE

006
seifert.sub

3