IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN SEIFERT,

    Plaintiff,                      No. CIV S-08-998 GEB KJM

    vs.

RICHARD WERNER,

    Defendant.                  <u>ORDER</u>

            Plaintiff's motion to return case from arbitration came on regularly for hearing May 19, 2010. Sandra Groven and Kenneth Pratt appeared for plaintiff. Gregory Thyberg appeared for defendant.[1] John Ball, the neutral arbitrator selected by the parties, appeared and provided a report on the procedural status of the arbitration. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

            Plaintiff requests that this matter be "returned" from arbitration. No procedural basis for this request has been set forth by plaintiff. The court previously determined the matter

---

[1] By minute order issued August 5, 2008, this matter was referred to the undersigned for pretrial management because defendant was proceeding pro se. Because defendant is now represented by counsel, any other matters not subject to decision by the arbitrator should now be noticed before the District Judge assigned to this action.

1

was subject to arbitration. If plaintiff's motion is considered as a motion to reconsider, it is fatally deficient. Local Rule 230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine, which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981). Plaintiff's motion demonstrates none of these conditions.

In the complaint, filed May 7, 2008, plaintiff asserted the action was subject to arbitration and attached the fee agreement containing the arbitration clause as an exhibit. In a status report filed December 3, 2008, counsel for plaintiff, Kenneth Pratt, stated he had full authority from plaintiff to make all stipulations and admissions and confirmed that the matter was subject to arbitration. At the hearing on defendant's motion to dismiss and status conference, held on December 10, 2008, plaintiff's counsel again confirmed that the matter was subject to arbitration and by order filed January 23, 2009, the court confirmed the parties' agreement that the matter was subject to arbitration, ordered the federal action stayed, and ordered the action to arbitration. On September 21, 2009, the parties were directed to select an arbitrator from a list of five arbitrators the court selected from lists of proposed arbitrators submitted by the parties. The parties selected as an arbitrator John Ball and on April 13, 2010, an arbitration hearing was held before arbitrator Ball on the statute of limitations issue. The arbitrator agreed to withhold his decision pending resolution by the federal court of plaintiff's present motion seeking to vacate the order to arbitration.

Plaintiff now asserts the contingency fee agreement is illegal under 28 U.S.C. § 2678 because it allows for more than twenty-five percent of the award or settlement be paid to her attorney as a contingency fee. Plaintiff contends that because the contract is illegal, the

arbitration clause is unenforceable.  However, "arbitration clauses ... are 'separable' from the contracts in which they are embedded."  Prima Paint v. Flood & Conklin, 388 U.S. 395, 402 (1967).  An agreement to arbitrate generally must be enforced even when one party asserts the invalidity of the contract that contains it.  See St. Agnes Medical Center v. PacifiCare of California, 31 Cal.4th 1187, 1198 (2003).

Here, plaintiff has forfeited any right to claim the subject matter of the dispute is not subject to arbitration.  Under California law, a party who sits on her rights to claim illegality of the contract and submits the dispute to arbitration, cannot later raise the question of illegality in order to avoid an arbitrator's decision.  See Moncharsh v. Heily & Blase 3 Cal.4th 1, 30 (1992) (a party cannot sit on his rights, content in the knowledge that should he suffer an adverse decision, he could then raise the illegality issue in a motion to vacate the arbitrator's award; contrary rule would condone a level of procedural gamesmanship undermining advantages of arbitration).

> The forfeiture rule exists to avoid the waste of scarce dispute resolution resources, and to thwart game-playing litigants who would conceal an ace up their sleeves for use in the event of an adverse outcome. The proper criterion for dividing the sheep from the goats is a litigant's knowledge of a defense to the jurisdiction of the arbitrator.  Those who are aware of a basis for finding the arbitration process invalid must raise it at the outset or as soon as they learn of it so that prompt judicial resolution may take place before wasting the time of the adjudicator(s) and the parties.

Cummings v. Future Nissan, 128 Cal.App.4th 321, 328-29 (2005).  "[A] party who knowingly participates in the arbitration process without disclosing a ground for declaring it invalid is properly cast into the outer darkness of forfeiture."  Id. at 329.

Plaintiff has known since the very outset of this case about the provisions of the fee contract.  At every turn, plaintiff has invoked arbitration and has already had a hearing before the arbitrator on a potentially dispositive issue.  Under these circumstances, plaintiff has forfeited any right to now contend the arbitration clause is unenforceable.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to return case from arbitration (Docket No. 102) is denied.

2. The Clerk of Court is directed to add Gregory Thyberg, 101 Parkshore Drive, Suite 100, Folsom, CA 95630 (telephone 916-204-9173), greg@thyberg.law, as counsel for defendant.

3. The Clerk of Court is directed to serve a courtesy copy of this order on the arbitrator, John Ball, 4401 Crestwood Way, Sacramento, CA 95822.

4. This matter is referred back to the District Judge assigned to this action. Henceforth the caption on documents filed in this action shall be No. CIV S-08-998 GEB KJM.

DATED: June 3, 2010.

_____
U.S. MAGISTRATE JUDGE

006
seifert2.arb