IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SEIFERT,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD K. WERNER,<br><br>        Defendant. | 2:08-cv-0998-GEB-KJM<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO AMEND[*] |

       Plaintiff moves for leave to amend her Complaint under Federal Rule of Civil Procedure ("Rule") 15(a)(2). Defendant opposes the motion. For the reasons stated below, the motion is DENIED.

### I. Legal Standard

       Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so requires." "This [leave] policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Delay alone is insufficient to justify denial of leave to amend; the party opposing amendment must also show that the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

amendment sought is futile, in bad faith or will cause undue prejudice to the opposing party." Jones v. Bates, 127 F.3d 839, 847 n.8 (9th Cir. 1997). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187.

## II. Factual and Procedural Background

Plaintiff sues Defendant for legal malpractice. Defendant previously represented Plaintiff in an action filed under the Federal Tort Claims Act ("FTCA action"), from October 2, 2002 to March 10, 2006. (Compl. 2:4-5.) Plaintiff and Defendant entered into a Contingency Fee Contract (the "Contract") concerning the FTCA action which allowed Defendant to charge Plaintiff up to forty percent of any recovery. (Mot. to Amend Compl. ("Mot") Ex. 1.) The Contract required the parties to arbitrate any dispute. Id. Ex. 3. The District Court entered an order in the FTCA action on March 10, 2006, which allowed Defendant to withdraw as Plaintiff's attorney due to counsel's disabling medical condition. (Opp'n to Mot. to Amend Compl. ("Opp'n") 1:27-2:2.)

Plaintiff filed the instant legal malpractice action against Defendant on May 7, 2008, following which the Magistrate Judge ordered the parties to arbitration in an order filed September 21, 2009. (Order, September 21, 2009, ECF No. 98.) Plaintiff alleges in her Complaint that the parties contracted "to arbitrate any malpractice dispute." (Compl. 2:14-18.) "[O]n April 13, 2010, an arbitration hearing was held before arbitrator [John] Ball on the statute of limitations issue." (Order, June 4, 2010, ECF No. 112 at 2:20-21.) Following the hearing, Plaintiff sought to have the Magistrate Judge "return [the] case from arbitration." Id. 1:16-22. Plaintiff argued "the contingency fee agreement is illegal under 28 U.S.C. § 2678 because it allows for more than twenty-five percent of the award or settlement be paid to her

2

attorney as a contingency fee. Plaintiff contends that because the contract is illegal, the arbitration clause is unenforceable." Id. 2:24-3:1. The Magistrate Judge denied Plaintiff's motion to return the case from arbitration stating:

> Plaintiff has known since the very outset of this case about the provisions of the fee contract. At every turn, plaintiff has invoked arbitration and has already had a hearing before the arbitrator on a potentially dispositive issue. Under these circumstances, plaintiff has forfeited any right to now contend the arbitration clause is unenforceable.

(Order, June 4, 2010, ECF No. 112 at 3:22-25.) Plaintiff now seeks to amend her Complaint to remove all references to arbitration and to add a fraud claim, based on the illegal contingency fee. (Mot. Ex. 7; Reply to Def.'s Opp'n ("Reply") 3:1-3.)

### III. Discussion

Plaintiff argues that without leave to amend she will be consigned to futile arbitration where any award will be void by law. (Mot. 4:8-9.) Defendant responds Plaintiff should not be allowed to amend her Complaint because of Plaintiff's bad faith, undue delay, the futility of the amendment, and the prejudice Defendant will suffer if amendment is allowed. (Opp'n 5:15-16.)

**Bad Faith and Undue Delay**

Defendant argues Plaintiff has given no reason for her delay in seeking to amend her Complaint, which was filed over two and a half years ago. (Opp'n 6:9-10.) Defendant also argues Plaintiff previously agreed to the legality of the Contract and sought arbitration. Id. 6:10-7:7. Defendant argues Plaintiff manifests bad faith by requesting amendment now, after she acquiesced to the legality of the Contract. Id. 7:5-7. Defendant also argues Plaintiff unduly delayed by waiting over

two and a half years, and after the case was heard by the arbitrator, to seek to amend her Complaint. Id. 7:11-15.

Plaintiff responds she can raise the illegality of the Contract at any time because "[a] provision in a contract void as against public policy can be raised at any time." (Reply 4:18-26, quoting Klein v. Asgrow Seed Co., 246 Cal. App. 2d 87, 101 (1966).) Plaintiff also argues the matter has not been heard on the merits by the arbitrator. (Reply 5:1-2.)

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. International Assoc. of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). Plaintiff waited until after an arbitrator heard and took under submission a statute of limitations matter, which the parties agreed to arbitrate, before she attempted to amend her Complaint. The terms of the Contract were known to Plaintiff since she filed this legal malpractice action, which is evidenced by her Complaint and the portions of the Contract attached thereto. Plaintiff has unduly delayed in waiting over two years to amend her Complaint to add allegations about which she knew or should have known when she drafted her Complaint.

Plaintiff's "delay of nearly two years, while not alone enough to support denial, is nevertheless relevant. The new claims set forth in the amended complaint would . . . greatly alter[] the nature of the litigation and would . . . require[] defendant[] to . . . undertake[], at a late hour, an entirely new course of defense . . . [Although], this factor is not fatal to amendment, . . . it enters into the balance." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.

4

1990) (citations omitted). The delay factor weighs against granting leave to amend.

**Prejudice to the Defendant**

Defendant also argues he will be prejudiced if Plaintiff is allowed to litigate an issue she expressly conceded in her Complaint. (Opp'n 7:22-23.) Plaintiff does not address this argument.

Throughout the course of the litigation, Plaintiff conceded to and relied on the legality of the Contract.

> In the complaint, filed May 7, 2008, plaintiff asserted the action was subject to arbitration and attached the fee agreement containing the arbitration clause as an exhibit. In a status report filed December 3, 2008, counsel for plaintiff, Kenneth Pratt, stated he had full authority from plaintiff to make all stipulations and admissions and confirmed that the matter was subject to arbitration. At the hearing on defendant's motion to dismiss and status conference, held on December 10, 2008, plaintiff's counsel again confirmed that the matter was subject to arbitration and by order filed January 23, 2009, the court confirmed the parties' agreement that the matter was subject to arbitration, ordered the federal action stayed, and ordered the action to arbitration.

(Order, June 4, 2010, ECF No. 112 at 2:10-18.) Plaintiff consistently sought to arbitrate this matter; the parties agreed the action was subject to arbitration, selected an arbitrator, and commenced arbitration. "Clearly the party opposing the amendment [will be] prejudiced by permitting the [Plaintiff] now to litigate an issue [she] had expressly conceded [over two] years ago." Howey v. U.S., 481 F.2d 1187, 1191 (9th Cir. 1973) (explaining the Ninth Circuit's holding in Komie v. Buehler Corp., 449 F.2d 644 (9th Cir. 1971)).

Since Plaintiff unduly delayed and Defendant would be prejudiced if Plaintiff was allowed to amend her Complaint, it is evident that the balance of the factors do not favor granting Plaintiff leave to amend, and there is no need to address whether amendment would be futile.

## IV. Conclusion

For the stated reasons, Plaintiff's motion for leave to file an amended complaint is DENIED.

The Complaint remains the operative pleading and therefore, this action is ordered back to arbitration. The parties previously selected John Ball as a neutral arbitrator and they are ordered to proceed to arbitration in accordance with the Contract. The parties shall advise the Court when arbitration is completed.

This action is STAYED. No responsive pleadings need be filed in the federal court action; rather, they will be filed in the arbitration.

The Clerk of Court shall serve a courtesy copy of this order on the arbitrator, John Ball at the following address: 4401 Crestwood Way, Sacramento, CA 95822.

Dated: October 13, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge