IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN SEIFERT,

        Plaintiff,                       No. CIV S-08-998 KJM JFM

    vs.

RICHARD WERNER,

        Defendants.               ORDER

/

        This diversity case has been stayed since January 21, 2009, to allow mediation and, if that was unsuccessful, arbitration in accordance with the contract in this case. ECF No. 80. On September 21, 2009, the court directed the parties to select an arbitrator from five names nominated by the court and then to proceed to arbitration. ECF No. 98.

        On April 19, 2010, plaintiff filed a motion for an order returning the case from arbitration to the district court. ECF No. 102. The court denied the request, noting that plaintiff had not cited any procedural mechanism for "returning" a case the court had found to be subject to contractual arbitration and rejecting her claim that alleged illegality of the contract containing the arbitration clause rendered that clause unenforceable. ECF No. 112.

        On August 16, 2010, plaintiff filed a request for leave to file an amended complaint. ECF No. 120. On October 14, 2010, the court denied this request, directed the parties back to arbitration in accordance with the contract and reaffirmed the stay. ECF No. 128.

1

On December 23, 2010, plaintiff filed a motion to vacate the appointment of the arbitrator, John Ball. Defendant has opposed the motion and the arbitrator has filed a declaration in response to the motion.

Under Rule 3.816 (d) of the California Rules of Court a court may remove an arbitrator if a party has demanded that the arbitrator disqualify himself, the arbitrator has failed to do so, and there is reason for removing the arbitrator under the authority of California Civil Procedure Code § 170.1. Cal. R. Ct. 3.816 (d); *see also* Cal. Code Civ. Pro. 1281.91 (d). An arbitrator's impartiality may be grounds for removal. *Id*.; Cal. Civ. Pro. § 170.1(a)(6)(A)(iii).[1]

> Impartiality entails the absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind. In the context of judicial recusal, [p]otential bias and prejudice must clearly be established by an objective standard.

*Haworth v. Superior Court*, 50 Cal.4th 372, 389 (2010) (internal citations & quotations omitted). Before an arbitrator may be removed, it must appear that "one could reasonably form a belief that an arbitrator was biased *for or against a party for a particular reason*." *Id*. (emphasis in original). "'[T]he litigants' necessarily partisan views should not provide the applicable frame of reference'" for evaluating a claim that an arbitrator is biased. *Roitz v. Coldwell Banker Residential Brokerage Company*, 62 Cal.App. 4th 716, 724 (1998), *quoting United Farm Workers of America v. Superior Court*, 170 Cal.App.3d 97, 104 (1985). Rather, the court must determine whether a "well-informed, thoughtful observer," aware of the circumstances surrounding the claims, would doubt the arbitrator's impartiality. *Haworth*, 50 Cal.4th at 389; *Mahnke v. Superior Court*, 180 Cal.App.4th 565, 579 (2009); *Cobler v. Stanley, Barber, Southard, Brown & Associates*, 217 Cal.App.3d 518, 529 (1990). The party seeking the

/////

---

[1] The court applies California law, rather than the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., because the parties agreed that any dispute would "will be settled by arbitration pursuant to California Code of Civil Procedure section 1200 *et seq*., . . . ." ECF No. 91-1 at 1; *Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 470 (1989).

1  disqualification bears the burden of demonstrating a reason to disqualify the arbitrator. *See Betz*
2  *v. Pankow*, 16 Cal.App. 4th 919, 926 (1993).
3        Plaintiff's motion lists five matters that she believes demonstrate Ball's bias in
4  favor of defendant: (1) Ball made phone calls to plaintiff's attorney and the State Bar and
5  conducted research to find law to support defendant's position; (2) Ball ridiculed and disparaged
6  plaintiff's case before any evidence was presented; (3) Ball gave defendant a head start in the
7  schedule for exchanging documents; (4) Ball admitted "he had regularly committed the legal
8  malpractice acts" plaintiff charged against defendant, making them seem trivial; and (5) Ball
9  developed a personal relationship with defendant through improper telephone calls. ECF No.
10  132 at 3, 5.
11        Plaintiff supports the motion with declarations from Attorneys Pratt and Groven.
12  ECF No. 132-1 at 4-6 and 9-11. Groven's declaration, in particular, complains of Ball's conduct
13  during the hearing on the statute of limitations issue. Declaration of Sandra A. Groven (Groven
14  Decl.) ¶¶ 5-9. The court declines to consider Groven's description of Ball's conduct of the
15  hearing, as the body of the motion does not include these incidents as grounds supporting the
16  claim of bias. *See* Fed. R. Civ. P. 7 (b)(1)(B) (motion must state grounds for relief with
17  particularity); *Frees v. Duby*, 2010 WL 4923535 at *2 (W.D. Mich. 2010) (grounds for relief
18  "cannot be buried somewhere in a supporting brief").
19        Defendant has opposed the motion and provided declarations from defendant and
20  from Noelle Gentilli, who attended the mediation. Arbitrator Ball has submitted his own
21  declaration, which this court may consider. *Cobler*, 217 Cal.App.3d at 529; Cal. Evid. Code
22  § 703.5
23        A.  <u>Calls and Research On Legal Question</u>
24        Plaintiff argues that Ball undertook legal research and called the State Bar "to
25  find a statute exception favoring the defense." ECF No. 132 at 5. She presents Ball's fee
26  statement, which shows time spent in research and review of the authorities submitted by the

3

parties, but does not explain how she knows that Ball's research was undertaken in an attempt to validate defendant's position on the statute of limitations question, particularly in light of the fact that Ball ultimately ruled in plaintiff's favor. ECF No. 132-1 at 2 (fee statement); Declaration of John R. Ball (Ball Decl.), ECF No. 134 ¶ 6. Plaintiff has not supported any claim that Ball's research was undertaken in an attempt to reject her position; her showing that Ball conducted legal research does not show that the arbitrator lacked impartiality.

### B. Ridiculing Plaintiff's Case And Trivializing Malpractice

Attorney Pratt avers that when he presented the first allegation of malpractice – the charging of a fee twice the amount allowed by law – Arbitrator Ball said "if I make a mistake in a fee agreement that's a crime?" Declaration of Kenneth Pratt (Pratt Decl.) ¶ 3, ECF No. 132-1. In addition, Pratt swears that when he argued that defendant had committed malpractice by claiming falsely that he had retained experts to testify at trial, Arbitrator Ball said "we all do that." Pratt Decl. ¶ 4. Groven addresses the same point; she says that Ball said "it was common practice to list experts which had not been contacted and that he had engaged in similar conduct in the past." Groven Decl. ¶ 9. Ball avers he did not "ridicule or otherwise negatively comment on the allegations in Plaintiff's case. I have read the pleadings but have not seen any actual evidence to be proffered by either side." Ball Decl. ¶ 12.[2] Plaintiff has not presented any transcript of the proceedings or indicated whether any such contemporaneous record was made, nor has she suggested that counsel objected during the April 2010 proceedings on the statute of limitations question.[3] The only evidence supporting this claim consists of counsel's declarations from November 2010.

---

[2] Defendant argues that his assistant Noelle Gentilli, who was present at the hearing, did not hear these comments. Gentilli's declaration does not address the point. Declaration of Noelle Gentilli (Gentilli Decl.) ¶ 2, ECF No. 135-1.

[3] Pratt avers he did not act until November because he had no documentation of Ball's alleged partiality. Pratt Decl. ¶ 5. He does not explain why he failed to object at the hearing; according to Groven, Pratt objected to many other instances of Ball's conduct of the hearing. Groven Decl. ¶ 9.

1    Even assuming that Ball made the comments plaintiff complains of, plaintiff has
2 not borne her burden of showing grounds for disqualification.  Although this court "must not
3 isolate facts or comments out of context," plaintiff has failed to present the wider context of the
4 challenged comments.  Despite counsel's characterization of Ball's tone of voice as "scoffing,"
5 Pratt Decl. ¶ 4, plaintiff has not presented sufficient information to allow the court to determine
6 whether the statements, viewed in context, give rise to an appearance of partiality.  *Flier v.*
7 *Superior Court*, 23 Cal. App.4th 165, 170 (1994).  Plaintiff's delay in raising the issue also
8 militates against a finding that Arbitrator Ball must be disqualified.  *Mahnke*, 180 Cal.App.4th at
9 578 n.7.

### C.  The Schedule For Exchange Of Documents

11    Plaintiff alleges that the arbitrator refused to direct the parties to exchange
12 documents simultaneously, but rather gave defendant a "headstart" by ordering plaintiff to file
13 her arbitration brief and documentary evidence before defendant filed his documents.  Pratt Decl.
14 ¶¶ 6-7 & ECF No. 132-1at 3 (Arbitrator's Order).  Ball avers that the written order merely
15 confirmed the parties' oral agreement as to the appropriate schedule.  Ball Decl. ¶¶ 7-8.

16    The arbitrator's briefing schedule does not suggest bias or partiality, particularly
17 in light of plaintiff's failure to describe how she was harmed: she has made no claim that it was
18 impossible for her to comply or provided any explanation why a typical briefing schedule,
19 requiring the moving party to file an initial brief, shows bias.  This claim is specious.

### D.  Ex Parte Contacts And Personal Relationship With Defendant

21    Pratt avers that "Arbitrator Ball engaged in extensive *ex parte* telephone
22 conferences with defendant . . . and did not report these conferences to plaintiff's attorney. . .,"
23 and that these contacts "apparently developed into a personal relationship, because Arbitrator
24 Ball then called defendant Werner 'a sick old man.'"  Pratt Decl. ¶¶ 1-2.  Werner and Gentilli
25 deny hearing Ball say this.  Gentilli Decl. ¶ 2; Werner Decl. ¶ 4.  Ball avers he has had only two
26 /////

1   to three short telephone calls with defendant about scheduling, after securing the parties'
2   permission that such administrative ex parte contacts were proper.  Ball Decl. ¶¶ 3, 11.
3           The court cannot accept Pratt's assertion that Ball had extensive ex parte contacts
4   with defendant, for he has not described the basis of his knowledge.  Even accepting as true his
5   claim that Ball called defendant "a sick old man," this does not suggest partiality: the term could
6   be pejorative rather than an expression of sympathy.  *See Haworth*, 50 Cal. 4th at 391.
7           IT IS THEREFORE ORDERED that plaintiff's motion to vacate the appointment
8   of the arbitrator (ECF No. 132) is denied.
9   DATED:  March 22, 2011.

                                      UNITED STATES DISTRICT JUDGE

2

seif0998.mtv