IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN SEIFERT,

    Plaintiff,                    NO. CIV. S-08-0998 KJM-JFM

    vs.

RICHARD WERNER,

    Defendant.
                                         <u>ORDER</u>

/

        This matter is before the court on plaintiff's application to reconsider the March 3, 2011 order denying plaintiff's motion to vacate the appointment of the arbitrator (the "Order"). ECF 141. For the reasons set forth below, the application is DENIED.

I. BACKGROUND

        This diversity case has been stayed since January 21, 2009, to allow mediation and, if that was unsuccessful, arbitration in accordance with the contract applicable in this case. ECF 80. On September 21, 2009, the court directed the parties to select an arbitrator from five names nominated by the court and then proceed to arbitration. ECF 98. Plaintiff twice moved to return the matter from arbitration to this court. ECF 102; ECF 120. The court has denied both requests and in each instance confirmed the stay in favor of arbitration. ECF 112; ECF 128.

/////

1

1   On December 23, 2010, plaintiff filed a motion to vacate the appointment of the
2  arbitrator, John Ball, setting hearing for February 7, 2011.  ECF 132.  Defendants filed an
3  opposition on January 14, 2011.  ECF 135.  On February 18, 2011, after the hearing was reset to
4  March 2, 2011, the court issued a minute order submitting plaintiff's motion without oral
5  argument.  ECF 137, 138.  On March 22, 2011, the court denied plaintiff's motion to vacate the
6  referral to the arbitrator.  ECF 141.  On April 6, 2011, plaintiff moved the court to reconsider its
7  denial of plaintiff's motion to vacate the referral to the arbitrator, or in the alternative, reopen the
8  original motion to allow for plaintiff to file a reply.  ECF 142.
9  II.  ANALYSIS
10   Local Rule 230(j) provides, in pertinent part, that a party may seek rehearing of a
11  motion through an application to the court by showing "what new or different facts or
12  circumstances are claimed to exist which did not exist or were not shown upon such prior
13  motion, or what other grounds exist for the motion" and "why the facts or circumstances were
14  not shown at the time of the prior motion."  Plaintiff provides the following as new "facts or
15  circumstances": (1) the arbitrator was not legally permitted to contest his disqualification, and
16  (2) defendant Werner is not admitted to the California bar and therefore the court should not
17  have considered filings containing his signature.  ECF 142 at 6-7.
18   Plaintiff contends that the court should not have decided the motion to vacate
19  appointment of the arbitrator before plaintiff's reply brief was due.  ECF 142 at 5.  Plaintiff
20  states, "[o]n February 18, 2011 [the district judge] ordered the motion submitted on the record.  I
21  decided filing any reply after the court order would be improper, and refrained from presenting
22  relevant evidence and legal argument that might have convinced the court to grant the motion."
23  *Id*.  The court did not decide plaintiff's motion until more than two months after the opposition
24  brief was filed and more than a month after the motion was submitted without oral argument.
25  While plaintiff is correct that timing for the submission of a reply is linked to a motion hearing,
26  plaintiff does not explain why she incorrectly thought that once the court indicated it would

decide the motion on the briefs she was barred from submitting a reply, or seeking leave to do so. *See* Local Rule 230(g). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (quotation omitted). Reconsideration may not, as plaintiff would have it, be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. Plaintiff's failure to submit a timely reply previously also is not an adequate justification for reconsideration. Accordingly, plaintiff's application for reconsideration is DENIED.

        IT IS SO ORDERED.

DATED: June 7, 2011.

_____
UNITED STATES DISTRICT JUDGE