UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SEIFERT, | No. 2:08-CV-0998 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| RICHARD K. WERNER, | |
| Defendant. | |

On January 23, 2009, this case was stayed because it was subject to arbitration. ECF No. 80. Although plaintiff filed a series of motions challenging various aspects of the arbitration process, the court returned the case to arbitration. *See, e.g.,* ECF Nos. 87, 90, 102, 112, 120, 128, 132, 141, 142, 149.

On October 31, 2013, the court ordered the parties to file a joint status report. On November 14, 2013 defendant filed a status report, stating that the arbitration had been completed in November 2012. Plaintiff did not respond to the court's order.

On July 22, 2014, the court issued an order directing plaintiff to show cause why this action should not be dismissed for her failure to prosecute. She did not respond to the court's order.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if a plaintiff fails to prosecute. A 41(b) dismissal "'must be supported by a showing of

1

1  unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting
2  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Plaintiff has done nothing on this
3  case between November 2012, when the arbitrator issued his decision, and the present time, a
4  period of unreasonable delay.

5         Prior to dismissing for failure to prosecute under Rule 41(b), the court must
6  consider the factors outlined in *Henderson* namely: "(1) the public's interest in expeditious
7  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
8  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
9  availability of less drastic sanctions." 779 F.2d at 1423. "The district court has the inherent power
10 sua sponte to dismiss a case for lack of prosecution." *Id*.

11        First, the public has an interest in expeditious resolution of litigation. Here, it
12 appears the dispute has been resolved in arbitration, but plaintiff has done nothing to dismiss or
13 even acknowledge the pendency of this action. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th
14 Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors
15 dismissal."). Plaintiff's refusal to do anything in this case after the conclusion of arbitration
16 supports dismissal.

17        Second, plaintiff's delays have interfered with management of this court's docket:
18 plaintiff's failure to notify the court of the results of the arbitration proceedings and to respond to
19 the court's order has required the court to act to determine the posture of the proceedings. *See*
20 *Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket strongly
21 favored dismissal). This second factor also weighs in favor of dismissal.

22        The third factor does not favor dismissal, as defendant has not been prejudiced by
23 plaintiff's failure to act, at least after the case was returned to arbitration.

24        Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan*
25 *Stanley & Co.*, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the
26 responsibility of the moving party to move towards that disposition at a reasonable pace, and to
27 refrain from dilatory and evasive tactics." 942 F.2d 648, 652 (9th Cir. 1991).  The court finds
28 /////

1  this factor to favor dismissal, as plaintiff has done nothing following the conclusion of the
2  arbitration proceedings.
3        As for the fifth and final factor, "[t]he district court need not exhaust every
4  sanction short of dismissal before finally dismissing a case, but must explore possible and
5  meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Ins*.
6  *Co.*, 651 F.2d 671, 674 (9th Cir.1981)). "[L]ess drastic alternatives include allowing further
7  amended complaints, allowing additional time, or insisting that appellant associate experienced
8  counsel." *Nevijel*, 651 F.2d at 674. In this case plaintiff has not responded to the court's order of
9  October 31, 2013 asking for a status report or its order of July 22, 2014 directing her to show
10 cause. Plaintiff's refusal to respond to the court justifies dismissal.
11       Henderson factors one, two, four and five weigh in favor of the sanction of
12 dismissal with prejudice, while factor three does not. Plaintiff's claims are therefore DISMISSED
13 with prejudice. This case is closed.
14       IT IS SO ORDERED.
15 DATED: November 12, 2014.

                                                    UNITED STATES DISTRICT JUDGE